David Simpson *v.* Joseph Irvin and Joseph B. Irvin, Executors of the last will and testament of John C. Irvin, deceased, Appellants.

*Evidence must be pertinent to the issue.*

The unbending rule that evidence must be confined to the point in issue excludes all evidence of collateral facts, or of those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, because such evidence diverts the minds of the jurors from the point in issue and excites their prejudices; and, further-more, the adverse party, having had no notice, is unprepared to meet it.

The issue, in the court of common pleas, being whether decedent was indebted to the plaintiff on a note alleged to have been destroyed by fire and plaintiff having failed to present any claim at the audit of the estate in the orphans' court, the auditor's report and decree of the orphans' court granting leave to mortgage real estate are inadmissible for the purpose of showing that decedent did not have personal property sufficient to pay his debts, thus showing a reason why he had not paid the alleged note.

Argued May 11, 1897.    Appeal, No. 48, April T., 1897, by defendants, from judgment of C. P. Beaver Co., Dec. T., 1894, No. 96, on verdict for plaintiff.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER and ORLADY, JJ.    Reversed.

Assumpsit upon a note which was alleged to have been burned. Before WILSON, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $172.75.    Defendants appealed.

*Errors assigned* were (1) In admitting in evidence for plaintiff the auditor's report in the estate of John C. Irvin, for the purpose of showing that J. C. Irvin was largely indebted at

the time of his death to a great number of persons, and for the further purpose of showing that he did not have personal property sufficient by several thousand dollars to pay his debts. This for the purpose of showing a reason why he had not paid Simpson. (2) In admitting in evidence for plaintiff, the proceedings in the orphans' court for privilege to mortgage the real estate of John C. Irvin. The purpose of this is to show that he did not have sufficient by several thousand dollars to pay his debts, and that the order of this court was obtained in these proceedings for some $4,500 for the purpose of paying debts and legacies. (3) In the charge, as follows: "The court instructs you, gentlemen, if you find for the plaintiff in this case, that you find for the amount claimed, with interest from the date it is alleged the note was given, whatever time you find that to be." (4) In the charge, as follows: "By Mr. Marshall: I desire the court to say to the jury, if the plaintiff is entitled to recover, he is entitled to recover with interest from the time it is due. We wish to send out our statement which includes the interest. Mr. Buchanan: As they were not entitled to bring suit until the note was due, and there being no proof before this jury that the note was due, we now move the court for a compulsory nonsuit. By the court: We will leave that to the jury." (5) The charge of the court was inadequate, under the circumstances of this case.

*John M. Buchanan*, with him *Wm. A. McConnel*, for appellants.—There is no case in point in Pennsylvania, perhaps for the reason that the proposition has been held to be so absurd that no counsel was brave enough to make the attempt to make such an offer as is complained of in this case. But we call the attention of the court to the following cases: Green v. Disbrow, 56 N. Y. 334; 1 Greenleaf on Evidence, par 52.

The reason why such evidence is inadmissible is that it is calculated to mislead the jury from the true point in issue. The fact that a father has paid some debts of a son is no evidence that he has promised to pay others, or even those which he has paid. This opinion was concurred in by a united court: Daby v. Ericsson, 45 N. Y. 786; Slone v. Thomas, 12 Pa. 209.

The rule for the trial of such cases as this is very clearly laid down by our Supreme Court in Porter v. Wilson & Kelly, 13 Pa. 641.

*A. P. Marshall*, for appellee.

OPINION BY WILLARD, J., July 23, 1897:

John C. Irvin, a citizen of Beaver county, died on February 20, 1893, seized of a large amount of real estate. For many years prior to his death he had in his employ a man by the name of David Simpson, the appellee. By his last will and testament Joseph Irvin and Joseph B. Irvin were appointed executors by the testator. Letters testamentary were duly granted to them, and on February 5, 1894, they filed their final account showing a balance due the estate of $1,453.87. The account was confirmed by the court May 7, 1894, and an auditor appointed to make distribution. The report of the auditor was confirmed absolutely, June 9, 1894. The report showed that the personal property was not sufficient to pay the debts, costs and expenses of administration by $1,020.93. On August 17, 1894, the executors petitioned the court for leave to mortgage certain real estate of the decedent to raise the sum of $4,500, in order to pay the debts and certain legacies.

David Simpson made no claim before the auditor. He however presented a bill of $6.00 to the executors for the balance of his services rendered, which was paid by them, and he receipted in full therefor. He made no other claim upon the estate until November 3, 1894, when he commenced an action against the executors to recover the sum of $125 on a note alleged to have been executed by the decedent some time in November or December, 1889, and given to the appellee for work and labor by him performed, which note it was alleged had been destroyed by fire.

The plaintiff's statement of his cause of action in the court below averred the assumption of the decedent in his lifetime, to wit: about November 20, 1889, to pay plaintiff the sum of $125 for the wages of labor then due and evidenced by a certain judgment note signed and sealed by the decedent and delivered to the plaintiff, alleging also that said note had been destroyed by fire. The copy of the note as set forth in the statement of claim, purports to bear date November 20, 1889, payable five months after date with confession of judgment, waiver of inquisition and all exemption laws. To the plaintiff's cause of action thus stated, the plea of nonassumpsit was entered by the exec-

utors. Under the pleadings, the question at issue was whether the note was given for the consideration as alleged, and was a subsisting claim against the estate of the decedent at the time the action was brought.

There are but two specifications of error in this case entitled to our consideration. The plaintiff offered in evidence the auditor's report docket containing the report of the auditor in the matter of the estate of John C. Irvin, deceased, " for the purpose (as stated) of showing that the decedent was largely indebted at the time of his death to a great number of persons, and for the further purpose of showing that he did not have personal property sufficient by several thousand dollars to pay his debts. This for the purpose of showing why he had not paid Simpson."

The purpose of the offer as stated is the very best reason why the evidence should have been rejected. It was admitted, however, by the court, under proper objections, and for that reason another trial must here be ordered. The rule is unbending that the evidence must be confined to the point in issue. " This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, and the reason is, that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them; and moreover, the adverse party having had no notice of such a course of evidence is not prepared to rebut it:" 1 Greenleaf on Evidence, par. 52.

The auditor's report did show several unpaid debts of the decedent, and that he did not have sufficient personal property at the time of his death to pay them all, but was that proper evidence to submit to the jury to prove that he had given David Simpson a note for $125, for the wages of labor, or that he was in any way indebted to Simpson for such wages? Certainly not, and it should have been excluded. It was not a proper means under the pleadings whereby to enlighten the jury as to the point in issue. The fact of indebtedness on the part of A to B, can hardly be established before a jury by evidence of A's indebtedness to C, D and E. Such is practically the effect of the evidence erroneously admitted.

The admission in evidence of the proceeding in the orphans' court for leave to mortgage the real estate of decedent in order

to pay the debts and legacies, was also erroneous. The fact that the decedent had not sufficient personal property at the time of his death to pay all his debts was not an unusual fact; his estate was solvent and to allow a jury to guess, because there was not sufficient personal property to pay his debts, therefore, he had probably given the destroyed note as alleged, or owed the sum of $125 for wages of labor, was erroneous.

The evidence embraced in these two offers and admitted by the court under exceptions was irrelevant to the issue being tried, and should have been excluded.

The first and second assignments of error are sustained, the judgment reversed, and a venire facias de novo awarded.